UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

D'JODACIN CADET; FAWENS CADET,

Petitioners,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States, U.S. Department of Justice,

Respondents.

Case No.: 3:26-cv-04807-LEK-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Petitioners D'Jodacin Cadet ("D. Cadet") and Fawens Cadet's ("F. Cadet" and collectively "Petitioners") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on August 24, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Warden, Otay Mesa Detention Center; Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); David J. Venturella, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement ("ICE"); and Todd Blanche, Acting Attorney General of the United States, U.S. Department of Justice ("Respondents"), filed a response to the Petition ("Response")

on August 31, 2026. [Dkt. no. 5.] Also on August 31, 2026, Petitioners filed a traverse ("Traverse"). [Dkt. no. 6.]

**BACKGROUND**

Petitioners, citizens and natives of Haiti, as well as brothers, entered the United States on June 18, 2024, and applied for admission. See Petition at ¶¶ 2, 4; see also id., Exh. 2 at PageID.22 (pg. 1 of D. Cadet's DHS Notice to Appear, Form I-862, dated 6/18/24); id., Exh. 2 at PageID.23 (pg. 1 of F. Cadet's DHS Notice to Appear, Form I-862, dated 6/18/24). Petitioners were granted parole through June 17, 2026. See Petition at ¶ 27; see also id., Exh. 3 (Order of the Immigration Judge, dated 8/29/24) at PageID.25 ("[Petitioners] have been granted parole to 6/17/26."). In 2025, the United States Citizenship and Immigration Services ("USCIS") issued Petitioners work authorization documents. See Petition at ¶ 30; see also id., Exh. 5 at PageID.31 (D. Cadet's Employment Authorization card, valid from 8/8/25 to 8/7/30); id., Exh. 5 at PageID.32 (pg. 1 of F. Cadet's DHS, USCIS Notice of Action, Form I-797C, dated 6/28/25).

On August 19, 2026, immigration officers approached Petitioners at a Taco Bell restaurant in San Diego, California while F. Cadet was working as a DoorDash delivery driver. Petitioners assert that an immigration officer first asked F. Cadet if he was another individual and then requested immigration documents from Petitioners. Petitioners provided the documents to the officers, who then photographed the documents, as well as Petitioners themselves. Thereafter, the officers took Petitioners into immigration custody. See Petition at ¶¶ 31-34. Petitioners assert that they were provided no notice explaining why they were being detained nor any type of individualized determination prior to their detention regarding Petitioners' risk of danger to the community or flight risk. See id. at ¶¶ 35, 37. As of the filing of the Petition, Petitioners were detained at the Otay Mesa Detention Center in San Diego, California. See id. at ¶ 36. Petitioners' primary argument is that their detention is unlawful, in that it violates

their due process rights; [id. at pgs. 11-12]; and the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2)(A); [id. at pgs. 12-13]. Petitioners allege they are entitled to, *inter alia*, immediate release. See id. at pg. 14.

Respondents assert "that Petitioners are subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] They also assert that Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), does not apply to Petitioners. See id. Further, Respondents state that Petitioners have already received bond hearings on August 27, 2026. According to Respondents, the outcome of D. Cadet's bond hearing is pending as of the date of the Response, and F. Cadet was denied bond. See id. at 3; see also Response, Exh. 1 (Order of the Immigration Judge, dated 8/27/26) at PageID.41 ("Denied, because [F. Cadet] is classified as an arriving alien on the [Notice to Appear] in this case." (citation and internal quotation marks omitted)). Nevertheless, Respondents "acknowledge[] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions." [Response at 2 (citing cases).] They also acknowledge that "Petitioners were previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)" and admit that "Respondents have insufficient information regarding termination of that parole, pursuant to 8 C.F.R. § 212.5(e)(2), to provide to the Court." [Id.] Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3 (footnote omitted).]

## DISCUSSION

This Court assumes, without deciding, that the mandatory detention procedures of Section 1225(b)(2) govern Petitioners' detention. See Traverse at 8. However, as Petitioners recognize, "[w]hether § 1225(b)(2) supplies statutory authority for [Petitioners'] present detention . . . presents a question distinct from whether the Constitution required adequate process before Respondents took them back into custody." [Id. at 6.]

While Respondents assert that this Court should decline to address, *inter alia*, Petitioners' due process arguments, see Response at 3 n.2, they do not assert that this Court should deny Petitioners' request for immediate release. This Court construes Respondents' non-opposition to Petitioners' request for immediate release as a concession that Petitioners' detention violates their due process rights.

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[1]

In the instant action, Petitioners received even less due process than the petitioner in Noori. Petitioners received no notification or individualized reason as to why their parole was being revoked before they were summarily detained on August 19, 2026. See Petition at ¶ 38. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioners' detention.[2] Providing

---

[1] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[2] Respondents appear to suggest, without expressly arguing, that the expiration of Petitioners' parole on June 17, 2026, see *supra* Background, reverts the authority for their

(. . . continued)

Petitioners a bond hearing would not remedy the Fifth Amendment violation they have already experienced.[3] Only release from detention can accomplish that now.[4]

Petitioners have also requested that this Court award them attorney's fees and costs. See Petition at pg. 14. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioners' request for attorney's fees and costs without prejudice.

---

detention to Section 1225(b)(2). See Response at 2 n.1 (citing 8 U.S.C. § 1182(d)(5)(A); Matter of Q. Li, 29 I. & N. Dec. 66, 69-70 (BIA 2025)). Even if Respondents had expressly advanced this argument, "many courts in the Ninth Circuit [Court of Appeals] have held that the expiration of parole does not extinguish a petitioner's entitlement to due process." See Aliyev v. LaRose, Case No.: 3:26-cv-01119-CAB-JLB, 2026 WL 699818, at *2 (S.D. Cal. Mar. 12, 2026) (citing cases). In other words, a petitioner's private interest does not expire along with their parole agreement. See, e.g., Nayem v. LaRose, Case No.: 26-cv-777-RSH-DEB, 2026 WL 915023, at *3 (S.D. Cal. Apr. 3, 2026); Tunaca-Galindo v. Att'y Gen. of United States, Case No.: 26cv2226-LL-BJW, 2026 WL 1229587, at *2 (S.D. Cal. May 5, 2026); see also Omer G.G. v. Kaiser, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (stating the "petitioner's liberty interest did not expire along with his parole"). The expiration of one's parole "does not somehow obviate the need for the government to provide an individualized hearing prior to detaining the parolee." L.M. v. Noem, Case No. 2:25-cv-02194-RFB-BNW, 2026 WL 103231, at *13 (D. Nev. Jan. 14, 2026) (citing Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025)).

[3] Petitioners have received bond hearings while in their current detention. See Response at 3. Although a post-deprivation hearing may determine whether continued detention is presently justified, "a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (citation omitted).

[4] In light of this Court's determination that Petitioners are entitled to immediate release, this Court need not address Petitioners' APA claim. See Petition at pgs. 12-13.

## CONCLUSION

For the foregoing reasons, Petitioners D'Jodacin Cadet and Fawens Cadet's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed August 24, 2026, is GRANTED IN PART insofar as Respondents are ORDERED to immediately release Petitioners from custody under the same conditions that existed immediately prior to Petitioners' detention on August 19, 2026 and to return Petitioners' belongings, including their identification documents, immediately upon their release. Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioners unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioners present a flight risk or danger to the community such that their physical custody is legally justified; and from placing Petitioners in an Alternative to Detention program and from placing an ankle monitor on Petitioners upon their release. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioners' request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **September 10, 2026**, confirming that Petitioners have been released and that their belongings, including their identification documents, have been returned.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 3, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>D'JODACIN CADET, ET AL. VS. CHRISTOPHER LAROSE ET AL.</u>; CASE NO. 3:26-CV-04807-LEK-MSB; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**